UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALL PLAINTIFFS REPRESENTED BY JOHN DRISCOLL,<br><br>Plaintiffs,<br><br>v.<br><br>ISLAMIC REPUBLIC OF IRAN,<br><br>Defendant. | No. 20-cv-622-ZMF |

## MEMORANDUM OPINION

From 2006 to 2011, sixty-three terrorist attacks on U.S. military service members and civilians in Iraq killed forty-six and severely injured twenty-three soldiers. The attack victims, their estates, and their family members (collectively, "Plaintiffs") sought compensation for their injuries from Defendant, the Islamic Republic of Iran, under the terrorism exception to the Foreign Sovereign Immunities Act ("FSIA"). *See* 28 U.S.C. § 1605A. This Court previously granted default judgment as to liability and compensatory damages. *See All Pls. Repr'd by John Driscoll v. Islamic Republic of Iran*, No. 20-cv-622, 2023 WL 5932974, at *1 (D.D.C. July 13, 2023); *see also All Pls. Repr'd by John Driscoll v. Islamic Republic of Iran*, No. 20-cv-622, 2024 WL 3251223, at *1 (D.D.C. June 30, 2024). It now addresses Plaintiffs' request for punitive damages. For the reasons set forth below, the Court will award Plaintiffs punitive damages of $656,372,428.

**I.    BACKGROUND**

The factual and procedural history of this case are set forth in the Court's June 30, 2024 opinion. *See Driscoll*, 2024 WL 3251223, at *1.

1

**II.     DISCUSSION**

    A.     <u>Basis for Punitive Damages</u>

The terrorism exception to the FSIA authorizes recovery for "economic damages, solatium, pain and suffering, and punitive damages." 28 U.S.C. § 1605A(c).[1] "Punitive damages are not compensation for injury. Instead, they are private fines levied . . . to punish reprehensible conduct and *to deter its future occurrence*." *Int'l Broth. of Elec. Workers v. Foust*, 442 U.S. 42, 48 (1979) (emphasis added) (internal quotation marks omitted). While "it is axiomatic that punitive damages are 'not favored,'" *Brown v. Coates*, 253 F.2d 36, 39 (D.C. Cir. 1958), they "are allowed because the civil law has long recognized that in certain situations deterrence can better be achieved through modification of the civil awards than through a requirement of criminal sanctions." *Davis v. Schuchat*, 510 F.2d 731, 738 (D.C. Cir. 1975).

"[P]unitive damages are never awarded as of right, no matter how egregious the defendant's conduct . . . . Rather, they are awarded or rejected in a particular case at the discretion of the fact finder." *Berger v. Iron Workers Reinf'd Rodmen, Loc. 201*, 170 F.3d 1111, 1139 (D.C. Cir. 1999) (internal quotation marks omitted). Four factors bear on the assessment of punitive damages in FSIA cases: "(1) the character of the defendants' act, (2) the nature and extent of harm to the plaintiffs that the defendants caused or intended to cause, (3) the need for deterrence, and (4) the wealth of the defendants." *Selig v. Islamic Republic of Iran*, 573 F. Supp. 3d 40, 75 (D.D.C. 2021) (quoting *Est. of Steinberg v. Islamic Republic of Iran*, No. 17-cv-1910, 2019 WL 6117722, at *9 (D.D.C. Nov. 18, 2019)).

---

[1] Under the 2018 amendment to the FSIA, punitive damages are available under the FSIA even for attacks which preceded the amendment. *See Opati v. Republic of Sudan*, 590 U.S. 418, 427 (2020).

Punitive damages are permissible here. *Cf. Neiberger v. Islamic Republic of Iran*, No. 16-cv-2193, 2022 WL 17370239, at *18 (D.D.C. Sept. 8, 2022). First, Iran provided "critical" support to terrorist groups, permitting the attacks at issue to occur. *All Pls. Repr'd by John Driscoll v. Islamic Republic of Iran*, No. 20-cv-622, 2023 WL 4892710, at *11 (D.D.C. June 27, 2023) (quoting *Fritz v. Islamic Republic of Iran*, 320 F. Supp. 3d 48, 62 (D.D.C. 2018)). Second, these "heinous" acts "were intended to—and did—cause unconscionable pain and suffering." *Selig*, 573 F. Supp. 3d at 75. Third, "[t]here is a need for deterrence because, time and again, courts in this district have been confronted with families shattered by Iran-backed terrorists." *Id.* And fourth, "Iran is a sovereign and has substantial wealth." *Bluth v. Islamic Republic of Iran*, 203 F. Supp. 3d 1, 25 (D.D.C. 2016).

    B.    <u>Multiplier for Punitive Damages</u>

A judge has "discretion to tailor a punitive award appropriate to the magnitude of the underlying injury." *Abedini v. Gov't of Islamic Republic of Iran*, 422 F. Supp. 3d 118, 142 (D.D.C. 2019); *see also Berger*, 170 F.3d at 1139 (punitive damages are at "discretion of the fact finder") (internal quotation marks omitted). Judges on this court have assessed punitive damages in FSIA cases in very different ways. *See Selig*, 573 F. Supp. 3d at 75–77 (describing four approaches). Some have awarded a multiple of the foreign state's annual expenditures on terrorism. *See Braun v. Islamic Republic of Iran*, 228 F. Supp. 3d 64, 87 (D.D.C. 2017) (citing cases). Others have awarded $150 million to each affected family. *See, e.g.*, *Est. of Steinberg v. Islamic Republic of Iran*, No. 17-cv-1910, 2019 WL 6117722, at *10 (D.D.C. Nov. 18, 2019); *Est. of Hirshfeld v. Islamic Republic of Iran*, 330 F. Supp. 3d 107, 150 (D.D.C. 2018); *Gates v. Syrian Arab Republic*, 580 F. Supp. 2d 53, 75 (D.D.C. 2008). Still others have multiplied the amount of compensatory

damages by a factor of one to five. *See, e.g.*, *Fritz v. Islamic Republic of Iran*, 324 F. Supp. 3d 54, 65 (D.D.C. 2018); *Taitt v. Islamic Republic of Iran*, 664 F. Supp. 3d 63, 113–14 (D.D.C. 2023).

The current prevailing trend is to make punitive damages equal to compensatory damages. *See M.M. v. Islamic Republic of Iran*, 708 F. Supp. 3d 22, 52 (D.D.C. 2023); *Pennington v. Islamic Republic of Iran*, No. 19-cv-796, 2022 WL 168261, at *6 (D.D.C. Jan. 19, 2022); *Neiberger*, 2022 WL 17370239, at *19; *Selig*, 573 F. Supp. 3d at 77; *Doe A-1 v. Demo. People's Republic of Korea*, No. 18-cv-252, 2021 WL 723257, at *10 (D.D.C. Feb. 24, 2021); *Christie v. Islamic Republic of Iran*, No. 19-cv-1289, 2020 WL 3606273, at *28–29 (D.D.C. July 2, 2020); *Abedini*, 422 F. Supp. 3d at 142. This trend is likely due to the courts' recognition that "Iran already faces billions in punitive damages awards," such that "[a]dding hundreds of millions of dollars to the outstanding judgments against Iran is unlikely to have a meaningful deterrent effect." *Selig*, 573 F. Supp. 3d at 77 (internal quotation marks omitted). Specifically, as of "2009, Iran had 10 billion in . . . outstanding court judgments in FSIA cases," a value that has "ballooned over the last decade." *Christie*, 2020 WL 3606273, at *29 (internal quotation marks omitted). "The purpose of punishment . . . [including] punitive damages, is not to inflict suffering or to impose a loss on the offender. Its object is to act as a deterrent." *Collins v. Brown*, 268 F. Supp. 198, 201 (D.D.C. 1967). And there is a "lack of any evidence that high awards have successfully deterred" Iran. *Bluth*, 203 F. Supp. 3d at 26. Additionally, "large awards of punitive damages in cases like this one may . . . serve only to expose the political branches to an unprecedented burden in their management of United States foreign policy towards Iran." *Christie*, 2020 WL 3606273, at *29 (internal quotation marks and brackets omitted).

Plaintiffs request treble damages[2] pursuant to *Taitt v. Islamic Republic of Iran*, 664 F. Supp. 3d 63, 113 (D.D.C. 2023). *See* Mot., Pls.' Mem. Law Supp. FSIA Damages Awards ("Pls.' Mem.") 10–11, ECF No. 45-1. That court reasoned that a "multiplier of three is the usual practice in state sponsored terrorism cases." 664 F. Supp. 3d at 113 (internal quotation marks omitted) (quoting *Roth v. Syrian Arab Republic*, No. 14-cv-1946, 2018 WL 4680270, at *17 (D.D.C. Sept. 28, 2018)).[3]

But *Taitt* does not reckon with the recent trend of only awarding a single multiplier. Single multipliers and below are in line with the Supreme Court's warning against excessive punitive damages awards. *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003); *see also Exxon Ship'g Co. v. Baker*, 554 U.S. 471, 499 (2008). "When compensatory damages are substantial, then a lesser ratio, perhaps only equal to compensatory damages, can reach the outermost limit" of acceptable punitive damages awards. *State Farm*, 538 U.S. at 425. This limitation is persuasive. Although "much of this precedent 'is rooted in the Due Process Clause, and foreign states and their agents are not persons protected by the Fifth Amendment's Due Process Clause' . . . . due process principles are still 'instructive, insofar as they embody general concerns for fairness and consistency.'" *Selig*, 573 F. Supp. 3d at 77 (first quoting *Christie*, 2020 WL 3606273, at *27; then quoting *Flanagan v. Islamic Republic of Iran*, 87 F. Supp. 3d 93, 126 n.37 (D.D.C. 2015)).

---

[2] Plaintiffs sought $4,017,367,104, three times the compensatory damages sought. *See* Pls.' Mem., Ex. G, Itemization Chart 14, ECF No. 45-8. The Court granted $1,019,872,428 in compensatory damages. *See Driscoll*, 2024 WL 3251223, at *1. Treble this figure is $3,059,617,284.

[3] *Taitt* largely relied upon *Roth*, 2018 WL 4680270. At the time that *Roth* was decided, the multiplier used by courts "ranged between three and, in exceptional cases, five." 2018 WL 4680270, at *17.

C.     Claims of Injured or Deceased Servicemembers

The Court awarded Plaintiffs $1,019,872,428 in compensatory damages. *See Driscoll*, 2024 WL 3251223, at *1. For context, this judgment is among the largest judgments awarded for FSIA terrorism cases. *Compare Barry v. Islamic Republic of Iran*, 437 F. Supp. 3d 15, 62 (D.D.C. 2020) (approximately $1.5 billion in compensatory damages), *and Maxwell v. Islamic Republic of Iran*, No. 22-cv-173, 2024 WL 1342775, at *25 (D.D.C. Mar. 29, 2024) (approximately $1.1 billion in compensatory damages), *with, e.g.*, *Ben-Yishai v. Syrian Arab Republic*, 642 F. Supp. 3d 110, 135 (D.D.C. 2022) (approximately $28 million in compensatory damages), *and Selig*, 573 F. Supp. 3d at 77 (approximately $68 million in compensatory damages), *and Christie*, 2020 WL 3606273, at *27 ($132 million in compensatory damages). Of the compensatory damages, the Court awarded $292,872,428 to injured and deceased servicemembers. *See Driscoll*, 2024 WL 3251223, at *14. For the reasons above, the Court will grant punitive damages equal to compensatory damages to the 23 injured servicemembers and the 46 estates of deceased servicemembers. *See, e.g.*, *Neiberger*, 2022 WL 17370239, at *19.

D.     Solatium Claims of Family Members

A lower ratio between punitive and compensatory damages is warranted for family member plaintiffs' solatium claims for two reasons.

First, "[r]ecurrent awards in case after case arising out of the same facts can . . . over-punish[] the same conduct through repeated awards with little additional deterrent effect." *Maxwell*, 2024 WL 1342775, at *24 (quoting *Murphy v. Islamic Republic of Iran*, 740 F. Supp. 2d 51, 81 (D.D.C. 2010)). "The concern about over-punishing and questionable deterrent effect is present here seeing as" each solatium claim stems from an attack for which the Court has already punished Iran by awarding punitive damages to the injured or deceased servicemember. *Id.* For

6

example, this Court previously granted plaintiff Beem—a wounded servicemember—$9,768,536 in compensatory damages for the October 11, 2006 attack. *See Driscoll*, 2024 WL 3251223, at *14. Today, it grants plaintiff Beem another $9,768,536 in punitive damages to punish Iran for that attack. The Court also previously granted plaintiff Beem's spouse, two parents, three daughters, and two siblings between $1.25 and $4 million each in compensatory damages for their emotional injuries caused by the same attack. *See id.* Not to mention, other plaintiff servicemembers also recovered compensatory and punitive damages for this very same attack. *See id.* The millions in punitive damages awarded for this single attack already punishes and deters Iran—insofar as any damages award is capable of—as to that attack. *See Selig*, 573 F. Supp. 3d at 77.

The "question [of recurrent punitive damages] becomes doubly complicated when trying to assess the proper award of punitive damages in a case subsequent to others that already imposed punitive damages for the same incident." *Maxwell*, 2024 WL 1342775, at *24 (quoting *Ewan v. Islamic Republic of Iran*, 466 F. Supp. 3d 236, 251 (D.D.C. 2020)). Such is the case here. This Court previously granted punitive damages for the May 8, 2007 and March 29, 2008 attacks in another case. *See Neiberger*, 2022 WL 17370239, at *19; Second Am. Compl. ("Compl.") ¶¶ 431–48, 697–706, ECF No. 2. Similarly, another court granted punitive damages for the April 12, 2006, May 5, 2006, January 22, 2007, July 6, 2007, July 31, 2007, August 4, 2008, and April 22, 2011 attacks. *See Stearns v. Islamic Republic of Iran*, 633 F. Supp. 3d 284, 353 (D.D.C. 2022) (assessing liability and later[4] awarding compensatory damages for twelve of the same attacks in this case and

---

[4] *See also Stearns v. Islamic Republic of Iran*, No. 17-cv-131, 2023 WL 4999215, at *4 (D.D.C. Aug. 4, 2023) (granting punitive damages for January 22, 2007 attack); *Stearns v. Islamic Republic of Iran*, No. 17-cv-131, 2023 WL 4999967, at *5 (D.D.C. Aug. 4, 2023) (granting punitive damages for May 5, 2006 and April 22, 2011 attacks); *Stearns v. Islamic Republic of Iran*, No. 17-cv-131, 2024 WL 1886619, at *4 (D.D.C. Apr. 30, 2024) (granting punitive damages for May 5,

punitive damages for seven); Compl. ¶¶ 154–68, 193–200, 362–84, 567–81, 602–10, 756–79, 835–47. The Court is thus "cautious of imposing further punitive damages when they have previously been awarded not just by this Court, but also by others in this District." *Ewan*, 466 F. Supp. 3d at 251–52.

Plaintiffs offer no analysis as to why additional punishment will finally tip the scales in changing Iran's behavior. *See generally* Pls.' Mem. "[H]aving observed [Iran's behavior], the court would be surprised if [Iran] make[s] any meaningful payment of the compensatory damages award. The court finds that the fixing of a large amount of punitive damages is a useless act." *In re Rood*, 459 B.R. 581, 609 (Bankr. D. Md. 2011) (awarding punitive damages of $1 because defendants will not likely pay anyhow); *Cf. Lee v. Edwards*, 101 F.3d 805, 813 (2d Cir. 1996) (recognizing that punitive damages seek to deter and that deterrence is "directly related" to whether the defendant is able to pay).

Second, when "compensatory damages include an amount for emotional distress . . . there is no clear line of demarcation between punishment and compensation." Restatement (Second) of Torts § 908 cmt. c (Am. L. Inst. 1979). Thus, courts must be circumspect with punitive damages awards for emotional distress claims because the compensatory damages awarded already "includes elements of" punishment. *Id.*; *see State Farm*, 538 U.S. at 426, 429. "Under the FSIA, a solatium claim is indistinguishable from an [intentional infliction of emotional distress] claim." *Valore v. Islamic Republic of Iran*, 700 F. Supp. 2d 52, 85 (D.D.C. 2010) (citing *Est. of Heiser v.*

---

2006 and July 31, 2007 attacks); *Stearns v. Islamic Republic of Iran*, No. 17-cv-131, 2024 WL 1886633, at *5 (D.D.C. Apr. 30, 2024) (granting punitive damages for August 4, 2008 attack); *Stearns v. Islamic Republic of Iran*, No. 17-cv-131, 2024 WL 1885520 at *4 (D.D.C. Apr. 30, 2024) (granting punitive damages for July 6, 2007 attack); *Stearns v. Islamic Republic of Iran*, No. 17-cv-131, 2024 WL 1886641, at *4 (D.D.C. Apr. 30, 2024) (granting punitive damages for April 12, 2006 attack).

*Islamic Republic of Iran*, 659 F. Supp. 2d 20, 27 n.4 (D.D.C. 2009)). Thus, compensatory damages awarded for solatium claims are "based on a component which [would be] duplicated in the punitive award." *State Farm*, 538 U.S. at 426.

"[I]n light of the substantial compensatory damages awarded (a portion of which contained a punitive element) . . . a punitive damages award at or near the amount of compensatory damages" is the most that is appropriate here. *State Farm*, 538 U.S. at 429; *see Payne v. Jones*, 711 F.3d 85, 102–03 (2d Cir. 2013) (noting that when a compensatory damage award is large, even a "single digit ratio" can lead to overly large punitive awards). The Supreme Court has noted that the median ratio between punitive and compensatory damages awarded is around 0.65:1, "meaning that the compensatory award exceeds the punitive award in most cases." *Exxon Shipping*, 554 U.S. at 498 n.14, 512–13. Courts in this jurisdiction have applied ratios as low as 0.03699:1 in FSIA matters involving Iranian conduct. *See Maxwell*, 2024 WL 1342775, at *25. Given all of this, the Court adopts a ratio "less than 1:1, which 'is easily permissible'" under the Supreme Court's guidance. *Curry v. Revo. Lab'ys, LLC*, No. 17-cv-2283, 2023 WL 5509337, at *17 (N.D. Ill. Aug. 25, 2023) (quoting *Kapelanski v. Johnson*, 390 F.3d 525, 534 (7th Cir. 2004)); *see SE Prop. Holdings, LLC v. Judkins*, 822 F. App'x 929, 937 (11th Cir. 2020) (holding ratio "less than 1:1" complied with Supreme Court guidance on punitive damages). Specifically, the Court awards family members punitive damages at a ratio of 0.5:1 of their compensatory damages, totaling $363,500,000.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs punitive damages totaling $656,372,428 as set forth in the table below.

Date: September 13, 2024

_____
ZIA M. FARUQUI
UNITED STATES MAGISTRATE JUDGE

| Last Name or Estate | First Name | Relationship | Compensatory Damages Previously Granted | Punitive Damages Granted | Total Award |
|---|---|---|---|---|---|
| Estate of James Adair | | Estate | $1,014,478 | $1,014,478 | $2,028,956 |
| Adair | Chelsea | Spouse | $8,000,000 | $4,000,000 | $12,000,000 |
| Ahearn | Constance | Parent | $0 | $0 | $0 |
| Ahearn | Kevin | Sibling | $0 | $0 | $0 |
| Altman | Jake | Self | $7,111,612 | $7,111,612 | $14,223,224 |
| Altman | Nadja | Spouse | $4,000,000 | $2,000,000 | $6,000,000 |
| Altman | J. | Son | $0 | $0 | $0 |
| Prosser | Gloria | Parent | $2,500,000 | $1,250,000 | $3,750,000 |
| Altman | Charles | Sibling | $1,250,000 | $625,000 | $1,875,000 |
| Altman | Michael | Sibling | $1,250,000 | $625,000 | $1,875,000 |
| Estate of Michael Anaya | | Estate | $1,389,580 | $1,389,580 | $2,779,160 |
| Anaya | Cheryl | Parent | $5,000,000 | $2,500,000 | $7,500,000 |
| Moffett | Trista | Sibling | $2,500,000 | $1,250,000 | $3,750,000 |
| Anaya, Jr. | Carmelo | Sibling | $2,500,000 | $1,250,000 | $3,750,000 |
| Anderson | Bryan | Self | $11,620,810 | $11,620,810 | $23,241,620 |
| Waswo | Janet | Parent | $0 | $0 | $0 |
| Waswo | James | Step-parent | $0 | $0 | $0 |
| Anderson | Robert | Sibling | $1,250,000 | $625,000 | $1,875,000 |
| Waswo | Briana | Sibling | $1,250,000 | $625,000 | $1,875,000 |
| Beem | Brian | Self | $9,768,536 | $9,768,536 | $19,537,072 |
| Beem | Elizabeth | Spouse | $4,000,000 | $2,000,000 | $6,000,000 |
| Beem | Diane | Parent | $2,500,000 | $1,250,000 | $3,750,000 |
| Beem | Joseph | Parent | $2,500,000 | $1,250,000 | $3,750,000 |
| Beem | Cassandra | Daughter | $2,500,000 | $1,250,000 | $3,750,000 |
| Beem | Kaitlyn | Daughter | $2,500,000 | $1,250,000 | $3,750,000 |
| Beem | Kelly | Daughter | $2,500,000 | $1,250,000 | $3,750,000 |
| Colon | Cynthia | Sibling | $1,250,000 | $625,000 | $1,875,000 |
| Beem, Jr. | Joseph | Sibling | $1,250,000 | $625,000 | $1,875,000 |
| Estate of Durrell Bennett | | Estate | $406,817 | $406,817 | $813,634 |
| Bennett | Doris Voncile | Parent | $2,000,000 | $1,000,000 | $3,000,000 |
| Bennett | Dempsey Lee | Parent | $2,000,000 | $1,000,000 | $3,000,000 |
| Bennett | Darnell Travon | Sibling | $1,000,000 | $500,000 | $1,500,000 |
| Estate of Nathan Beyers | | Estate | $1,415,566 | $1,415,566 | $2,831,132 |
| Beyers | Vanessa | Spouse | $8,000,000 | $4,000,000 | $12,000,000 |
| Beyers | E. | Daughter | $5,000,000 | $2,500,000 | $7,500,000 |
| Beyers | Tim | Parent | $5,000,000 | $2,500,000 | $7,500,000 |
| Beyers | Sonja | Step-parent | $5,000,000 | $2,500,000 | $7,500,000 |
| Beyers | Tyler | Sibling | $2,500,000 | $1,250,000 | $3,750,000 |
| Blickenstaff | John | Self | $9,987,571 | $9,987,571 | $19,975,142 |
| Blickenstaff | Misty | Spouse | $4,000,000 | $2,000,000 | $6,000,000 |

11

| | | | | | |
|---|---|---|---|---|---|
| Blickenstaff | M. | Daughter | $2,500,000 | $1,250,000 | $3,750,000 |
| Blickenstaff | C. | Daughter | $0 | $0 | $0 |
| Jones | Pamela Blickenstaff | Parent | $2,500,000 | $1,250,000 | $3,750,000 |
| Blickenstaff | Jared | Sibling | $1,250,000 | $625,000 | $1,875,000 |
| Blickenstaff | Adrianne | Sibling | $1,250,000 | $625,000 | $1,875,000 |
| Carter | Trista | Sibling | $1,250,000 | $625,000 | $1,875,000 |
| Botts | John A. | Self | $9,162,430 | $9,162,430 | $18,324,860 |
| Botts | Jennifer | Spouse | $4,000,000 | $2,000,000 | $6,000,000 |
| Botts | Dara | Parent | $2,500,000 | $1,250,000 | $3,750,000 |
| Botts | John S. | Parent | $2,500,000 | $1,250,000 | $3,750,000 |
| Cunningham | Elizabeth | Sibling | $1,250,000 | $625,000 | $1,875,000 |
| Donaldson | Peggy | Parent | $5,000,000 | $2,500,000 | $7,500,000 |
| Butler | Eldridge | Sibling | $2,500,000 | $1,250,000 | $3,750,000 |
| Estate of Adrian Butler | | Estate | $477,218 | $477,218 | $954,436 |
| Byers | Brandon | Self | $9,115,026 | $9,115,026 | $18,230,052 |
| Byers | Megan | Spouse | $4,000,000 | $2,000,000 | $6,000,000 |
| Byers | Cameron | Daughter | $2,500,000 | $1,250,000 | $3,750,000 |
| Estate of Jonathan Cadavero | | Estate | $1,208,726 | $1,208,726 | $2,417,452 |
| Cadavero | Nadia | Parent | $5,000,000 | $2,500,000 | $7,500,000 |
| Dearing | Michelle | Spouse | $0 | $0 | $0 |
| Cadavero | David | Parent | $5,000,000 | $2,500,000 | $7,500,000 |
| Markarian | Kristia | Sibling | $2,500,000 | $1,250,000 | $3,750,000 |
| Ponce | Mirtha | Spouse | $8,000,000 | $4,000,000 | $12,000,000 |
| Calderon | A.R. | Son | $0 | $0 | $0 |
| Calderon | A.J. | Son | $0 | $0 | $0 |
| Ascencio | Rosa Milagro | Parent | $5,000,000 | $2,500,000 | $7,500,000 |
| Rauda | Saul | Step-parent | $5,000,000 | $2,500,000 | $7,500,000 |
| Rauda | Yeny | Sibling | $2,500,000 | $1,250,000 | $3,750,000 |
| Rauda | Jasmyn | Sibling | $2,500,000 | $1,250,000 | $3,750,000 |
| Rauda | Evelyn | Sibling | $2,500,000 | $1,250,000 | $3,750,000 |
| Estate of Roland Calderon-Ascencio | | Estate | $344,177 | $344,177 | $688,354 |
| Cope | Joshua | Self | $13,008,930 | $13,008,930 | $26,017,860 |
| Owens | Erica (formerly Cope) | Spouse | $4,000,000 | $2,000,000 | $6,000,000 |
| Cope | L. | Daughter | $0 | $0 | $0 |
| Cope | Linda | Parent | $2,500,000 | $1,250,000 | $3,750,000 |
| Cope | Philip | Parent | $2,500,000 | $1,250,000 | $3,750,000 |
| Cope | Jacob | Sibling | $1,250,000 | $625,000 | $1,875,000 |
| Cope | Jonathan | Sibling | $1,250,000 | $625,000 | $1,875,000 |
| Cottrell | Sherri | Spouse | $0 | $0 | $0 |
| Cottrell | E. | Son | $0 | $0 | $0 |
| Cottrell | James | Son | $0 | $0 | $0 |
| Cottrell | Brandy | Daughter | $2,000,000 | $1,000,000 | $3,000,000 |
| Cottrell | Megan | Daughter | $0 | $0 | $0 |
| Waters | Doeshie | Parent | $0 | $0 | $0 |
| Craven | Josh | Self | $6,155,728 | $6,155,728 | $12,311,456 |

12

| | | | | | |
|---|---|---|---|---|---|
| Craven | Holly | Spouse | $4,000,000 | $2,000,000 | $6,000,000 |
| Estate of Duncan Crookston | | Estate | $8,325,764 | $8,325,764 | $16,651,528 |
| Crookston | Leesha | Parent | $5,000,000 | $2,500,000 | $7,500,000 |
| Dahlman | Louis | Self | $9,515,072 | $9,515,072 | $19,030,144 |
| Stockdale | Kay | Parent | $2,500,000 | $1,250,000 | $3,750,000 |
| Stockdale | Larry | Step-parent | $0 | $0 | $0 |
| Dahlman | Lucas | Sibling | $1,250,000 | $625,000 | $1,875,000 |
| Ahrens | Amber K. | Sibling | $1,250,000 | $625,000 | $1,875,000 |
| Estate of Sean Diamond | | Estate | $1,477,593 | $1,477,593 | $2,955,186 |
| Diamond | Loramay | Spouse | $8,000,000 | $4,000,000 | $12,000,000 |
| Diamond | Taylor M. | Daughter | $5,000,000 | $2,500,000 | $7,500,000 |
| Diamond | Madison J. | Daughter | $5,000,000 | $2,500,000 | $7,500,000 |
| Diamond | Sean R. | Son | $5,000,000 | $2,500,000 | $7,500,000 |
| Diamond | A. | Daughter | $5,000,000 | $2,500,000 | $7,500,000 |
| Wiley | Sally Diamond | Parent | $5,000,000 | $2,500,000 | $7,500,000 |
| Wiley | James "Michael" | Step-parent | $2,000,000 | $1,000,000 | $3,000,000 |
| Diamond | Jason | Sibling | $2,500,000 | $1,250,000 | $3,750,000 |
| Diamond | Michael | Sibling | $2,500,000 | $1,250,000 | $3,750,000 |
| Donaldson | James | Self | $10,389,211 | $10,389,211 | $20,778,422 |
| Edds | Barry | Parent | $5,000,000 | $2,500,000 | $7,500,000 |
| Edds | Julia | Parent | $5,000,000 | $2,500,000 | $7,500,000 |
| Edds | Joel | Sibling | $2,500,000 | $1,250,000 | $3,750,000 |
| Forbes, IV | Norman | Self | $5,474,075 | $5,474,075 | $10,948,150 |
| Ford | Lonnie W. | Parent | $5,000,000 | $2,500,000 | $7,500,000 |
| Mattison-Ford | Linda | Step-parent | $500,000 | $250,000 | $750,000 |
| Matson | Jessica | Sibling | $2,500,000 | $1,250,000 | $3,750,000 |
| Ford | Shawn | Sibling | $2,500,000 | $1,250,000 | $3,750,000 |
| Estate of Joshua Ford | | Estate | $516,009 | $516,009 | $1,032,018 |
| Gage | Samantha | Spouse | $0 | $0 | $0 |
| Gage | Michael | Son | $0 | $0 | $0 |
| Gage | Randy | Parent | $5,000,000 | $2,500,000 | $7,500,000 |
| Gage | Tamara | Step-parent | $0 | $0 | $0 |
| Rosa | Julie | Sibling | $2,500,000 | $1,250,000 | $3,750,000 |
| Estate of Joseph Gage | | Estate | $1,787,804 | $1,787,804 | $3,575,608 |
| Gagne | Derek | Self | $10,447,200 | $10,447,200 | $20,894,400 |
| Mroczkowski | Faye | Parent | $2,500,000 | $1,250,000 | $3,750,000 |
| Estate of Shawn Gajdos | | Estate | $262,217 | $262,217 | $524,434 |
| Richards | Brenda | Parent | $0 | $0 | $0 |
| Estate of Zachariah Gonzalez | | Estate | $419,080 | $419,080 | $838,160 |
| Gonzalez | Laura | Parent | $5,000,000 | $2,500,000 | $7,500,000 |
| Gonzalez | Benedict | Parent | $5,000,000 | $2,500,000 | $7,500,000 |
| Gonzalez | Benedict Jacob "Jake" | Sibling | $2,500,000 | $1,250,000 | $3,750,000 |
| Hancock | Jerral | Self | $13,073,680 | $13,073,680 | $26,147,360 |
| Hancock | J. | Son | $2,500,000 | $1,250,000 | $3,750,000 |
| Hancock | A. | Daughter | $0 | $0 | $0 |

| | | | | | |
|---|---|---|---|---|---|
| Tscherny | Stacie | Parent | $2,500,000 | $1,250,000 | $3,750,000 |
| Benjamin | Dirrick | Step-parent | $0 | $0 | $0 |
| Tscherny | Savannah | Sibling | $1,250,000 | $625,000 | $1,875,000 |
| Hancock | Samantha | Sibling | $1,250,000 | $625,000 | $1,875,000 |
| Estate of Blake Harris | | Estate | $1,727,706 | $1,727,706 | $3,455,412 |
| Harris | Joanna | Spouse | $0 | $0 | $0 |
| Harris | J. | Son | $0 | $0 | $0 |
| Harris | Deborah | Parent | $5,000,000 | $2,500,000 | $7,500,000 |
| Henry | Gary | Parent | $5,000,000 | $2,500,000 | $7,500,000 |
| Estate of Keith Kline | | Estate | $509,817 | $509,817 | $1,019,634 |
| Kline | Betty | Parent | $5,000,000 | $2,500,000 | $7,500,000 |
| Kline, Jr. | John | Sibling | $2,500,000 | $1,250,000 | $3,750,000 |
| Estate of David Knapp | | Estate | $7,858,536 | $7,858,536 | $15,717,072 |
| Knapp | Jeanette | Parent | $5,000,000 | $2,500,000 | $7,500,000 |
| Estate of Christopher Kube | | Estate | $967,933 | $967,933 | $1,935,866 |
| Otte | Deborah | Parent | $5,000,000 | $2,500,000 | $7,500,000 |
| Kube | David | Parent | $5,000,000 | $2,500,000 | $7,500,000 |
| Kube | Jonathan | Sibling | $2,500,000 | $1,250,000 | $3,750,000 |
| Kube | Jessica | Sibling | $2,500,000 | $1,250,000 | $3,750,000 |
| Kube | Jason | Sibling | $2,500,000 | $1,250,000 | $3,750,000 |
| Kube | Jennifer | Sibling | $2,500,000 | $1,250,000 | $3,750,000 |
| Estate of Eric Lill | | Estate | $1,448,778 | $1,448,778 | $2,897,556 |
| Otero | Skye | Spouse | $0 | $0 | $0 |
| Lill | Mikayla | Daughter | $0 | $0 | $0 |
| Lill | Cody Jacob | Son | $0 | $0 | $0 |
| Lill | Anthony | Parent | $5,000,000 | $2,500,000 | $7,500,000 |
| Lill | Charmaine | Parent | $5,000,000 | $2,500,000 | $7,500,000 |
| Jones | Kortne | Sibling | $2,500,000 | $1,250,000 | $3,750,000 |
| Estate of Luigi Marciante, Jr. | | Estate | $1,327,155 | $1,327,155 | $2,654,310 |
| Marciante | Stephanie | Spouse | $8,000,000 | $4,000,000 | $12,000,000 |
| Marciante | L. | Son | $0 | $0 | $0 |
| Marciante | Maria | Parent | $5,000,000 | $2,500,000 | $7,500,000 |
| Marciante | Luigi | Parent | $5,000,000 | $2,500,000 | $7,500,000 |
| Balestrieri | Enza Marciante | Sibling | $2,500,000 | $1,250,000 | $3,750,000 |
| Martinez | Sarah | Spouse | $4,000,000 | $2,000,000 | $6,000,000 |
| Martinez | Saul | Self | $12,008,635 | $12,008,635 | $24,017,270 |
| Mayo | John | Parent | $5,000,000 | $2,500,000 | $7,500,000 |
| Mayo | Rebecca | Parent | $5,000,000 | $2,500,000 | $7,500,000 |
| Mayo | Andy | Sibling | $2,500,000 | $1,250,000 | $3,750,000 |
| Estate of Barry Mayo | | Estate | $917,529 | $917,529 | $1,835,058 |
| Estate of Justin Mixon | | Estate | $1,269,900 | $1,269,900 | $2,539,800 |
| Mixon | Tia | Spouse | $0 | $0 | $0 |
| Mixon | T.R. | Son | $0 | $0 | $0 |
| Mixon | Melinda | Parent | $5,000,000 | $2,500,000 | $7,500,000 |
| Mixon | Walter | Parent | $5,000,000 | $2,500,000 | $7,500,000 |
| Mixon | Kenneth | Sibling | $2,500,000 | $1,250,000 | $3,750,000 |
| Spillyards | Kimberly | Sibling | $2,500,000 | $1,250,000 | $3,750,000 |

| | | | | | |
|---|---|---|---|---|---|
| Estate of Joshua Modgling | | Estate | $831,435 | $831,435 | $1,662,870 |
| Montano | Julie | Parent | $5,000,000 | $2,500,000 | $7,500,000 |
| Modgling | Keith | Parent | $5,000,000 | $2,500,000 | $7,500,000 |
| Modgling | Christopher | Sibling | $2,500,000 | $1,250,000 | $3,750,000 |
| Stuart | Kellilynn | Sibling | $2,500,000 | $1,250,000 | $3,750,000 |
| Modgling | Michelle | Sibling | $2,500,000 | $1,250,000 | $3,750,000 |
| Schaffer | Kenneth | Sibling | $2,500,000 | $1,250,000 | $3,750,000 |
| Morris | Glenn | Parent | $5,000,000 | $2,500,000 | $7,500,000 |
| Morris | Amy | Parent | $5,000,000 | $2,500,000 | $7,500,000 |
| Morris | Adam | Sibling | $0 | $0 | $0 |
| Morris | Cassidy | Sibling | $0 | $0 | $0 |
| Estate of Daniel Morris | | Estate | $1,639,172 | $1,639,172 | $3,278,344 |
| Pearson | Kristi | Spouse | $8,000,000 | $4,000,000 | $12,000,000 |
| Estate of Andrew Nelson | | Estate | $1,060,341 | $1,060,341 | $2,120,682 |
| Paupore | Maria | Spouse | $4,000,000 | $2,000,000 | $6,000,000 |
| Paupore | Mailey | Daughter | $2,500,000 | $1,250,000 | $3,750,000 |
| Paupore | Cody | Son | $2,500,000 | $1,250,000 | $3,750,000 |
| Osborne | Sharon | Parent | $2,500,000 | $1,250,000 | $3,750,000 |
| Paupore | Thomas | Parent | $2,500,000 | $1,250,000 | $3,750,000 |
| Bueno | Leslie | Sibling | $1,250,000 | $625,000 | $1,875,000 |
| Paupore | Joe | Sibling | $0 | $0 | $0 |
| Paupore | Nicholas | Self | $8,017,571 | $8,017,571 | $16,035,142 |
| Payne | Julie | Spouse | $8,000,000 | $4,000,000 | $12,000,000 |
| Payne | A. | Daughter | $5,000,000 | $2,500,000 | $7,500,000 |
| Payne | K. | Daughter | $0 | $0 | $0 |
| Estate of Cameron Payne | | Estate | $1,218,167 | $1,218,167 | $2,436,334 |
| Estate of Andrew Pearson | | Estate | $3,899,826 | $3,899,826 | $7,799,652 |
| Pearson | Jon Marie | Spouse | $8,000,000 | $4,000,000 | $12,000,000 |
| Perez | Daniel | Parent | $5,000,000 | $2,500,000 | $7,500,000 |
| Perez | Vicki | Parent | $5,000,000 | $2,500,000 | $7,500,000 |
| Perez | Kevyn | Sibling | $1,000,000 | $500,000 | $1,500,000 |
| Estate of Emily Perez | | Estate | $698,763 | $698,763 | $1,397,526 |
| Estate of Joshua Plocica | | Estate | $385,491 | $385,491 | $770,982 |
| Thompson | Lisa | Parent | $5,000,000 | $2,500,000 | $7,500,000 |
| Thompson | Lowell Keith | Step-parent | $5,000,000 | $2,500,000 | $7,500,000 |
| Corbin | Brenna | Sibling | $2,500,000 | $1,250,000 | $3,750,000 |
| Coward | Mariah | Sibling | $0 | $0 | $0 |
| Richard | Lois Elaine | Parent | $5,000,000 | $2,500,000 | $7,500,000 |
| Richard, Jr. | Joseph | Parent | $5,000,000 | $2,500,000 | $7,500,000 |
| Billedeaux | Carmen Richard | Sibling | $2,500,000 | $1,250,000 | $3,750,000 |
| Estate of Mark Rosenberg | | Estate | $4,677,932 | $4,677,932 | $9,355,864 |
| Rosenberg | Julie | Spouse | $8,000,000 | $4,000,000 | $12,000,000 |
| Rosenberg | J. | Son | $5,000,000 | $2,500,000 | $7,500,000 |
| Rosenberg | M. | Son | $5,000,000 | $2,500,000 | $7,500,000 |
| Rubio | Jennifer | Spouse | $0 | $0 | $0 |
| Rubio-Hernandez | N. | Son | $0 | $0 | $0 |
| Moore | Kathy | Parent | $5,000,000 | $2,500,000 | $7,500,000 |

| | | | | | |
|---|---|---|---|---|---|
| Moore, Jr. | Thomas | Step-parent | $2,000,000 | $1,000,000 | $3,000,000 |
| Estate of Ryan Russell | | Estate | $439,155 | $439,155 | $878,310 |
| Rzepa | Jason | Self | $12,290,536 | $12,290,536 | $24,581,072 |
| Rzepa | Cassandra | Spouse | $4,000,000 | $2,000,000 | $6,000,000 |
| Rzepa | C. | Son | $0 | $0 | $0 |
| Rzepa | K. | Son | $2,500,000 | $1,250,000 | $3,750,000 |
| Rzepa | Ann | Parent | $2,500,000 | $1,250,000 | $3,750,000 |
| Shaidell | David Michael | Sibling | $1,250,000 | $625,000 | $1,875,000 |
| Saaristo | Cheryl Ann | Spouse | $2,500,000 | $1,250,000 | $3,750,000 |
| Saaristo | Leah Marie | Daughter | $2,500,000 | $1,250,000 | $3,750,000 |
| Saaristo, Jr. | Brian | Son | $2,500,000 | $1,250,000 | $3,750,000 |
| Saaristo | Shirley Ann | Parent | $2,500,000 | $1,250,000 | $3,750,000 |
| Angell | Brenda | Sibling | $1,250,000 | $625,000 | $1,875,000 |
| Liimatainen | Barbara J. | Sibling | $0 | $0 | $0 |
| Saaristo | Brian | Self | $11,439,772 | $11,439,772 | $22,879,544 |
| Schild | Kayleen | Spouse | $8,000,000 | $4,000,000 | $12,000,000 |
| Schild | Koby | Son | $5,000,000 | $2,500,000 | $7,500,000 |
| Schild | Keely | Daughter | $5,000,000 | $2,500,000 | $7,500,000 |
| Schild | Bruce | Sibling | $2,500,000 | $1,250,000 | $3,750,000 |
| Schild | Brooks | Sibling | $2,500,000 | $1,250,000 | $3,750,000 |
| Estate of Richard Schild | | Estate | $1,217,260 | $1,217,260 | $2,434,520 |
| Schumann | Jim | Parent | $0 | $0 | $0 |
| Schumann | Ben | Sibling | $1,000,000 | $500,000 | $1,500,000 |
| Anderson | Brent | Sibling | $0 | $0 | $0 |
| Nelson | Kristie | Sibling | $0 | $0 | $0 |
| Oppegard | Kayla | Sibling | $1,500,000 | $750,000 | $2,250,000 |
| Estate of Jason Schumann | | Estate | $1,661,683 | $1,661,683 | $3,323,366 |
| Traynor Sowinski | Diane | Parent | $5,000,000 | $2,500,000 | $7,500,000 |
| Sowinski | Jared | Sibling | $2,500,000 | $1,250,000 | $3,750,000 |
| Sowinski | Austin | Sibling | $2,500,000 | $1,250,000 | $3,750,000 |
| Estate of Nicholas Sowinski | | Estate | $519,384 | $519,384 | $1,038,768 |
| Dructor | Erin L. | Spouse | $8,000,000 | $4,000,000 | $12,000,000 |
| Estate of Blake Stephens | | Estate | $1,611,228 | $1,611,228 | $3,222,456 |
| Barber | Audrey | Spouse | $8,000,000 | $4,000,000 | $12,000,000 |
| McGee | Callie | Sibling | $2,500,000 | $1,250,000 | $3,750,000 |
| Benefield | Stephanie | Sibling | $2,500,000 | $1,250,000 | $3,750,000 |
| Estate of Brandon Stout | | Estate | $369,060 | $369,060 | $738,120 |
| Takai | Mae | Spouse | $4,000,000 | $2,000,000 | $6,000,000 |
| Takai | Jonamae | Daughter | $2,500,000 | $1,250,000 | $3,750,000 |
| Takai | Niana | Daughter | $2,500,000 | $1,250,000 | $3,750,000 |
| Takai | I. | Daughter | $0 | $0 | $0 |
| Takai | K. | Daughter | $0 | $0 | $0 |
| Cruze | Patricia | Parent | $0 | $0 | $0 |
| Takai | Juan | Parent | $2,500,000 | $1,250,000 | $3,750,000 |
| Takai | Jolene | Sibling | $1,250,000 | $625,000 | $1,875,000 |
| Takai | Jermaine | Sibling | $1,250,000 | $625,000 | $1,875,000 |
| Takai | John | Self | $8,985,623 | $8,985,623 | $17,971,246 |

| | | | | | |
|---|---|---|---|---|---|
| Richard | Tammy | Parent | $5,000,000 | $2,500,000 | $7,500,000 |
| Richard | Glenn | Parent | $5,000,000 | $2,500,000 | $7,500,000 |
| Richard | Heather | Sibling | $2,500,000 | $1,250,000 | $3,750,000 |
| Estate of Brandon Teeters | | Estate | $378,522 | $378,522 | $757,044 |
| Thorne | Karen | Parent | $5,000,000 | $2,500,000 | $7,500,000 |
| Thorne | Doyle | Sibling | $0 | $0 | $0 |
| Robinson | Joey | Sibling | $0 | $0 | $0 |
| Tollefson | Walter | Parent | $5,000,000 | $2,500,000 | $7,500,000 |
| Steinman | Mary | Parent | $5,000,000 | $2,500,000 | $7,500,000 |
| Mecklenburg | Jessica | Sibling | $0 | $0 | $0 |
| Miller | Kathryn Tollefson | Sibling | $2,500,000 | $1,250,000 | $3,750,000 |
| Estate of John Tollefson | | Estate | $307,180 | $307,180 | $614,360 |
| Tong | Andrew "AJ" | Self | $10,132,754 | $10,132,754 | $20,265,508 |
| Torres | Yarissa | Spouse | $0 | $0 | $0 |
| Estate of Teodoro Torres | | Estate | $448,996 | $448,996 | $897,992 |
| Estate of Jose E. Ulloa | | Estate | $1,633,769 | $1,633,769 | $3,267,538 |
| Atzmann | Melanie | Spouse | $0 | $0 | $0 |
| Ulloa | Steven | Son | $0 | $0 | $0 |
| Marmol | Francisca | Parent | $0 | $0 | $0 |
| Ulloa | Jose | Parent | $0 | $0 | $0 |
| Ulloa | Ruberterna | Sibling | $0 | $0 | $0 |
| Marmol | Stephanie | Sibling | $0 | $0 | $0 |
| Estate of Omar Vazquez | | Estate | $1,037,823 | $1,037,823 | $2,075,646 |
| Vazquez | Maria | Parent | $5,000,000 | $2,500,000 | $7,500,000 |
| Vazquez | Pablo | Parent | $5,000,000 | $2,500,000 | $7,500,000 |
| Vazquez, Jr. | Pablo | Sibling | $2,500,000 | $1,250,000 | $3,750,000 |
| Vazquez | Marisel | Sibling | $2,500,000 | $1,250,000 | $3,750,000 |
| Vazquez | Javier | Sibling | $2,500,000 | $1,250,000 | $3,750,000 |
| Vendela | Marianne | Parent | $2,500,000 | $1,250,000 | $3,750,000 |
| Vendela | Travis | Self | $11,185,131 | $11,185,131 | $22,370,262 |
| Wager | Michelle | Self | $9,840,651 | $9,840,651 | $19,681,302 |
| Wagner | Bryan | Self | $7,898,543 | $7,898,543 | $15,797,086 |
| Wakeman | Margaret | Parent | $5,000,000 | $2,500,000 | $7,500,000 |
| Wakeman | David A. | Parent | $5,000,000 | $2,500,000 | $7,500,000 |
| Wakeman | William Zachary | Sibling | $2,500,000 | $1,250,000 | $3,750,000 |
| Estate of Dustin Wakeman | | Estate | $503,121 | $503,121 | $1,006,242 |
| Green | Wendy | Spouse | $8,000,000 | $4,000,000 | $12,000,000 |
| Weikel | J.T. | Son | $0 | $0 | $0 |
| Weikel | Chad | Sibling | $2,500,000 | $1,250,000 | $3,750,000 |
| Estate of Ian Weikel | | Estate | $2,517,909 | $2,517,909 | $5,035,818 |
| Lantrip | Lydia | Parent | $2,500,000 | $1,250,000 | $3,750,000 |
| Wells, Jr. | Billie | Parent | $2,500,000 | $1,250,000 | $3,750,000 |
| Lantrip | David "Blake" | Sibling | $500,000 | $250,000 | $750,000 |
| Wells | Jeremy | Sibling | $1,250,000 | $625,000 | $1,875,000 |
| Wells | Joshua | Self | $11,551,377 | $11,551,377 | $23,102,754 |

| | | | | | |
|---|---|---|---|---|---|
| Wendling | Randall | Parent | $5,000,000 | $2,500,000 | $7,500,000 |
| Wendling | Carrie | Parent | $5,000,000 | $2,500,000 | $7,500,000 |
| Estate of Michael Wendling | | Estate | $432,093 | $432,093 | $864,186 |
| White | Jennifer | Spouse | $8,000,000 | $4,000,000 | $12,000,000 |
| Brooks | Julia | Parent | $5,000,000 | $2,500,000 | $7,500,000 |
| Ramos | Marcus | Sibling | $2,500,000 | $1,250,000 | $3,750,000 |
| Estate of Lucas T. White | | Estate | $1,391,650 | $1,391,650 | $2,783,300 |
| Wilcox | Charlene | Parent | $5,000,000 | $2,500,000 | $7,500,000 |
| Wilcox | Bianca | Sibling | $2,500,000 | $1,250,000 | $3,750,000 |
| Wilcox | Ona | Sibling | $2,500,000 | $1,250,000 | $3,750,000 |
| Wilcox, III | Charles | Sibling | $2,500,000 | $1,250,000 | $3,750,000 |
| Estate of Carlos Wilcox | | Estate | $442,022 | $442,022 | $884,044 |
| Francis | Simona | Parent | $0 | $0 | $0 |
| Estate of LeRon Wilson | | Estate | $297,589 | $297,589 | $595,178 |
| Zapfe | Joseph | Sibling | $0 | $0 | $0 |
| Zapfe | Edward | Sibling | $500,000 | $250,000 | $750,000 |
| **TOTALS** | | | **$1,019,872,428** | **$656,372,428** | **$1,676,244,856** |